## A. J. MARSHALL v. THE STATE.

The 748th article of the Criminal Code reads as follows: "The taking must be wrongful, so that if the property came·into the possession of the person accused of theft by lawful means the subsequent appropriation of it is not theft; but if the taking, though originally lawful, was obtained by any false pretext, or with an intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete." (Paschal's Dig., Art. 2385, Note 684.) An indictment upon this article should. aver the fact that the property was delivered with the consent of the owner and the *intent* with which the possession was obtained.

The indictment being in the usual form, omitting the words "without the consent of the owner," it was inadmissible to prove the fraudulent representations by which the defendant got possession of the property.

As it would be proper to detain the accused until an indictment could be procured to suit the facts, the case was remanded to give an opportunity for an affidavit, should that be desired. (Paschal's Dig., Art. 2976.)

APPEAL from Collin. The case was tried before Hon. HARDIN HART, one of the district judges.

The appellant was tried and convicted upon a charge of theft of a mule, the property of Andrew Wetsel. The indictment was in the usual form, charging the taking to have been without the consent of the owner, &c. The state having proved by the witness Wetsel that possession of the mule was obtained with his consent, the defendant in the court below objected to the introduction of any testimony to show that possession was obtained by fraudulent or false pretexts, which objection was overruled and a bill of exceptions taken, which ruling is assigned as error.

*W. H. Andrews,* for the appellant.—The facts and circumstances which constitute the offense should be charged in the indictment, and if not so charged cannot be proved. (The State v. Schwartz, 25 Tex., 767; Horan v. The State, 24 Tex., 162; and Bush v. Republic, 1 Tex., 460.)

This prosecution is had under Paschal's Digest, article

2385, and the facts and circumstances which constitute the offense are, obtaining possession under false pretexts and the appropriation to his own use, none of which are charged in the indictment.   By article 2864, Paschal's Digest, it is not necessary to allege that which it is not necessary to prove; *e converso*, whatever is necessary to be proved in order to secure a conviction must be alleged in the indictment.   Many things may be proved which are not necessary, but go in aggravation, and therefore need not be alleged.   The Code of Criminal Procedure (Paschal's Dig., Art. 2863, subdivision 7) says: "The offense must be set forth in plain and intelligible words."

*E. B. Turner, Attorney General,* for the state.—The indictment is in the very language of the statute.   (Paschal's Dig., Art. 2381.)

The law says the theft is complete if, &c.   (Paschal's Dig., Art. 2385.)

As to the distinction between theft and obtaining property by means of false and fraudulent representations, see The State v. Vickers, 19 Tex., 330;  White v. The State, 11 Tex., 771;  Paschal's Dig., Notes 683 and 684.

CALDWELL, J.—This is an indictment for theft, evidently founded upon the following section of the statute:

"The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means the subsequent appropriation of it is not theft; but if the taking, though originally lawful, was obtained by any false pretext, or with an intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."  (Paschal's Dig., Art. 2385.)

The indictment is in the usual form, averring that the defendant "did fraudulently and feloniously steal, take,

and carry away, from and out of the possession of," &c., omitting the words "without consent." Upon the trial below the proof showed that defendant came into possession of the property lawfully by the consent of the owner.

At this stage of the trial the district attorney proposed to prove the statements of the prisoner at the time he "borrowed" the animal. These statements of the prisoner were evidently relied on to prove the "false pretext" or guilty "intent" with which the prisoner borrowed the horse.

Counsel for the prisoner objected to the introduction of the statements of the defendant, because there was no allegation in the indictment that the prisoner obtained possession of the property by any false pretext or intent to deprive the owner of the value thereof. The objections of the prisoner were overruled, to which ruling of the court prisoner excepted, and assigns it as error.

The point presented raises the question of the sufficiency of the indictment to sustain a conviction, when the proof shows that the accused came into possession of the property by lawful means.

At common law the facts of this case would not constitute the crime of theft. They would simply amount to a breach of trust. It is of the very essence of the crime of theft that the goods should be taken "without the consent" of the owner. (2 Russ. on Crimes, 19.) Thus, where a horse was delivered by the owner to the prisoner to be agisted, and the prisoner sold the horse as his own, it was held that, inasmuch as the owner had parted with the possession voluntarily, it was not theft. (2 Russ. on Crimes, 21.)

To punish that class of cases, where the property was acquired with the consent of the owner, but under some false pretext or intent of subsequently depriving the owner of the value of the goods so acquired, it is declared in the section of the code above cited to be theft.

When a particular intent is a material fact in the descrip-
tion of an offense it must be stated in the indictment,
(Paschal's Dig., Art. 2866,) and if not so stated it follows,
under a well-known rule of pleading, that it cannot be
proved. The pleader must allege that which it is neces-
sary to prove.

When it is borne in mind that in the case at bar the
prisoner obtained possession of the horse with the consent
of the owner, it will be seen that his offense (if any he com-
mitted) consisted in some false pretext or felonious intent
at the time he thus acquired possession of the property.

Therefore, as an ordinary indictment for theft it is bad,
because it does not aver that the property was taken with-
out the consent of the owner, and as an indictment under
article 2385, Paschal's Digest, it is wholly insufficient, be-
cause there is no allegation of the false pretext or felonious
intent at the time the prisoner borrowed the horse. From
this view of the law it is apparent that the conviction cannot
be sustained; the judgment of the court below, in overrul-
ing prisoner's exceptions, is reversed, and the prisoner dis-
charged from further answer to this indictment.

We will remark, however, that under our code, article
2976, Paschal's Digest, it would be proper for an affidavit
to be made and the prisoner held to answer a good indict-
ment, if indeed the facts would warrant it.

REVERSED AND ORDERED ACCORDINGLY.