GEORGE SMITH v. THE STATE.

1. On the trial of S. on an indictment for the theft of a mule, it was proved, on the part of the State, that the defendant pretended to hire the mule for a day or two, and promised to return it at the expiration of that time ; and as he rode away he said to the owner, " What if I trade this mule off ?" to which the owner replied, that it would take a mighty good horse to get his mule.   The defendant, instead of returning the mule as he promised to do, exchanged it for a horse, and falsely represented to the owner that the mule had broken away from him, and escaped.   This evidence is held sufficient to sustain a conviction for theft of the mule.

2. It is no objection to an indictment for theft that it does not state the peculiar circumstances and facts of the case.   The office of an indictment is to charge the offense, and not the facts which constitute the offense.

APPEAL from Rusk.   Tried below before the Hon. J. B. Williamson.

The opinion states the material facts.

*James H. Jones* and *Drury Field,* for appellant.

*W. Alexander, Attorney General,* for the State.

OGDEN, J.—The judgment of the district court in this case must be affirmed.   The indictment charges the

defendant in the usual form, of the theft of a mule, and the jury, under a proper charge of the court, found him guilty. There could have been no doubt of the taking and appropriation; and the only question which could legitimately have been suggested to the minds of the jury was in regard to the fraudulent intent. The defendant pretended to hire the animal to ride for a day or two, with the promise to return it at the time specified; but instead of doing so, he traded the mule off for a horse, and then attempted to deceive the owner by falsely telling him that the mule had broken away from him and escaped.

The intimation that he gave as he rode the mule off, together with his subsequent false and fraudulent assertions and acts, were sufficient to convince the jury that his original intention was to obtain (by the use of the false pretext of hiring) possession of the animal, and then to appropriate it to his own use. If such was his intention, then under Article 2385, Paschal's Digest, he was guilty of theft. (2 Bishop on Criminal Law, 818.)

We cannot appreciate the objection of counsel to the indictment, because it does not specifically charge the peculiar circumstances and facts of the case which constituted the crime of theft. The office of an indictment is to charge the offense, and not the particular facts which constitute the offense. There was no error in the charge of the court, and none in refusing to give the charge asked by defendant, as the same had, in substance, been given in the charge by the court.

The judgment is affirmed.

AFFIRMED.