## A. R. MADDOX v. THE STATE.

41  205
35a 297
39a 383

1. THEFT—EVIDENCE.—On a trial for theft, upon an indictment in the usual form (Pas. Dig., art. 2381,) evidence may be introduced and a conviction had upon facts constituting theft, under art. 2385, Pas. Dig., of a taking originally lawful, but obtained on a false pretext, or with intent to deprive the owner of the value of the property taken, and to appropriate the property to the use of the person taking. Such facts are matters of evidence, and not a different offense.

2. RES GESTÆ—DECLARATIONS OF ACCUSED.—In trials for theft, where the facts show a lawful taking of possession, (Pas. Dig., art. 2385,) it is proper to admit, as part of the *res gestæ*, the statement of the accused, as to his intention, made at the time of his obtaining the property.

3. CONFESSIONS MADE WHILE UNDER ARREST.—Such confessions, made by the accused after being cautioned that his statements might be used against him, voluntarily made to the person who cautioned him, and on the same day, are admissible.

APPEAL from Lamar. Tried below before the Hon. J. C. Easton.

*Browne,* for the State.

REEVES, ASSOCIATE JUSTICE.—Indictment against appellant for theft of a buggy and two mules. On the trial of this cause the State proved that the accused obtained possession of the property charged to have been stolen by hiring. The witness was then asked to detail the statements and representations made at the time by defendant as to his intentions, to which the counsel for defendant objected, because there was no allegation in the indictment to justify such proof, or any other evidence necessary to constitute theft under art. 2385, Pas. Dig. The court overruled the objection and admitted the evidence.

The indictment is in the usual form for theft, charging the taking to be fraudulent and without the consent of the owner. The point of objection to the evidence was that the indictment does not aver that the taking, though originally lawful, was obtained by some false pretext, or with intent to deprive the owner of the value of his property, &c., as under art. 2385. The books abound in subtile and refined distinctions between larceny and trespass, and between larceny and swindling, or the obtaining of goods under false pretenses under statutory enactments. The chapter on theft, as found in the code, clearly defines the offense, and removes all doubt as to what acts shall constitute theft. The taking, as defined in art. 2385, does not describe a different offense from that defined by art. 2381, but only differs in its facts and circumstances, which are matters of proof, and need not be averred in the indictment. (White *v.* The State, 11 Tex., 769; Smith *v.* The

State, 35 Tex., 738.) Nor did the court err in admitting evidence of the defendant's statements as to his intention at the time of the hiring. The inquiry was material, and was part of the *res gestœ.* (1 Greenl. Ev., § 108.) It appears from the testimony that the defendant hired the mules and buggy at the livery stable of Brame & McLeod, at Paris, stating at the time that he wanted the outfit to go out to Hathaway, six miles west from town to get his trunk; that he was going to start to school in Paris, to Stark's Seminary, and that he would return the buggy and mules some time during the day. Defendant was next heard from fifteen miles from Paris, on the Sulphur Springs road, going in a different direction from Hathaway. Soon after he was found in Hopkins county, ten miles south of Sulphur Springs, where he was arrested by the deputy sheriff of the county. It is further shown that he had sold the buggy and one of the mules to one Sewell, at whose house he was stopping for the night, and where he was arrested by the sheriff. Under this evidence it cannot be pretended that the accused had the consent of the owner to the taking of the property in the mules and buggy, or anything more than a transfer of the possession obtained by a false pretext. It is equally clear that his intention was to divest the owners of their property, in distinction from the use and temporary possession, and their consent, obtained under a false pretext, would not avail anything as a defense on the charge of theft committed under such circumstances. (Rosc. Cr. Ev., 571; 1 Bish. on Cr. Law, sec. 1017, also 2 ib., sec. 818; 3 Greenl. Ev., § 160.)

For the same reasons the court did not err in overruling defendant's objection to the testimony offered by the prosecution to show that the accused had sold the property and appropriated the same to his own use. It was necessary to prove the conversion, and the evidence must have been offered for that purpose, in connection with other facts tending to the same conclusion. Another objection

is shown by the third bill of exception taken by defendant.
On the trial the witness Hatcher stated that the sheriff or
deputy sheriff of Hopkins county cautioned the accused
that any statements made by him might be used as evi-
dence against him, and then turned him over to the witness
·to bring him back to Lamar county.   On the road, as they
returned, and in a general conversation with witness and
others, the defendant made certain confessions, but the
witness did not know whether they were made in response
to questions propounded to the defendant or not, but knows
that it was done in general conversation.   The accused
objected, because the prerequisites of the law had not been
complied with.   The objection being overruled, the wit-
ness proceeded to state the conversation had with the de-
fendant on the road, in substance, expressing his regret;
that it was the first time; and making statements referring,
as may be supposed, to his intention when he hired the
mules and buggy, but not clearly expressed in the state-
ment of facts, and not set out in the bill of exception.   The
jury, no,doubt, regarded it as a confession that he intended
a theft before and at the time of the hiring, and that he
obtained possession of the property by a false pretext, as is
fully shown by other evidence independently of his con-
fession.   We are referred to the case of Barnes v. The
State, 36 Tex., 356, where it is held that the accused must
be cautioned immediately preceding the confession before
it can be admitted in evidence against him.   In that case
the defendant had been threatened, and the evidence failed
to show that he had received any caution after the threat,
though before that time he had been cautioned by the
mayor—the period of time between the caution and the
confession being about one month—and the court was not
satisfied that the confession was freely made on other facts
in the case.   The case at bar differs in its facts from the
former.   The defendant had received the caution from the
sheriff on the same day he made the confession.   It was

made, as the witness says, in general conversation, and was voluntary. At the time of his arrest at Sewell's, on the night before, he seems to have admitted voluntarily that he had sold one of the mules and the buggy to Sewell, and stated that the mules were in the lot where they were found. The money paid him by Sewell was found in his possession, and which he returned on being arrested. In view of the facts of the case, it is evident that no injustice was done the defendant in admitting the proof of his confessions.

There is nothing in the charge of the court of which the defendant can justly complain, nor was there any error in refusing the instructions asked by him. The verdict is supported by the evidence, and the judgment is affirmed.

AFFIRMED.