## J. V. JONES v. THE STATE.

1. THEFT BY FALSE PRETEXT. — It is well settled in this State that under an ordinary indictment for theft a conviction may be had on proof which shows that the taking was with the owner's consent obtained by false pretext, or with intent to deprive the owner of the value of the property and appropriate it to the use and benefit of the taker. But if the indictment specifically charges a theft by false pretext, it must allege the constituent facts of the offence, and the proof must strictly correspond with the allegations, — i.e., the false pretext, the owner's consent to the taking obtained thereby, the falsity of the pretext, the taking of the property, and the fraudulent intent.

2. PRACTICE. — Subject to statutory restrictions, the order and regulation of business in the trial courts is under their discretionary control, and not revisable on appeal when no prejudice to the appellant is shown. It was not error, therefore, despite objection by the defence, to proceed with a trial for theft during the postponement of a murder case until the return of an alias venire facias.

3. JURY LAW. — Bias or prejudice in favor of or against the defendant constitutes cause for challenge to a petit juror, and so may relationship to the injured party; but bias or prejudice in favor of or against the injured party does not.

4. THEFT — EVIDENCE. — In the trial of a party for the theft of a horse he had hired, the defence offered in evidence certain letters written by him subsequent to the res gestæ, and asserting that the horse had been taken from him by desperadoes, etc. Held, that the letters were properly excluded.

APPEAL from the District Court of Williamson. Tried below before the Hon. W. A. BLACKBURN.

The indictment charged the appellant with the theft of a horse belonging to Isaac Prewitt and T. Anderson, on April 1, 1879. The indictment alleged, in the usual form, that the taking was without the consent of the owners. The jury found a verdict of guilty, and assessed the punishment at five years in the penitentiary.

The evidence is quite prolix and there is no occasion to give it in detail. The appellant hired a small bay horse in Georgetown, saying he was a detective and wanted the horse to go over on Brushy Creek for the purpose of arresting some parties. He left Georgetown on April 3, 1879,

with the horse, which the owners never again saw. The next day he was met on the road to Lampasas, and in a quite different direction than Brushy from Georgetown. He was riding a horse of similar size and color to the one he had hired. When he reached Lampasas he interviewed the editor of a newspaper there, and wrote for publication a rather sensational account of his experience on Brushy; in which he stated that on his way to Brushy he was beset by a mob, who deprived him of his papers, took the horse he had hired and turned it loose, threatened to kill him unless he would help them rob a store, and conducted him as a prisoner until they got within a few miles of Lampasas, when he escaped while they were asleep. Mr. Hurt, of Georgetown, who had become his surety for the return of the hired horse, received by mail a letter from the appellant, mailed at Lampasas, and giving an account similar to the publication made at his request. This letter and a postal card subsequently received by Hurt from the town of Comanche were offered in evidence by the defence, but were excluded on objection by the State. In Comanche County he offered to sell to his brother-in-law a small bay horse, and gave an account of his perilous adventure on Brushy, which materially differed in some respects from his publication.

The defence proved that the appellant exhibited in Georgetown some papers which looked like warrants, but adduced no evidence whatever in support of his publication or other statements, nor any to account for the animal he offered to sell to his brother-in-law.

No brief for the appellant.

*W. B. Dunham*, for the State.

WHITE, P. J. That a party charged by indictment in the ordinary form under our statute for theft (Pasc. Dig., art. 2381; Rev. Penal Code, art. 724) may be found guilty

and punished upon proof made that he obtained the property by any false pretext, with intent to deprive the owner of the value thereof and appropriate it to his own use and benefit, as provided in another article of the Code (Pasc. Dig., art. 2385 ; Rev. Penal Code, art. 727), is no longer an open question in this State. *Maddox* v. *The State*, 41 Texas, 205. The taking defined in the two articles is the same, *i.e.*, theft ; and the difference between the two consists in this : that in cases of ordinary theft, or rather where the indictment is for ordinary theft, the facts and circumstances with regard to the false pretext, being matters of proof, need not be averred in the indictment ( *White* v. *The State*, 11 Texas, 769 ; *Smith* v. *The State*, 35 Texas, 738) ; whilst in an indictment for obtaining property under false pretenses the false pretext must not only be set out, and its truth negatived by direct averment, but the proof to sustain the charge must also strictly correspond with the allegations in every essential particular. *Warrington* v. *The State*, 1 Texas Ct. App. 168. And an indictment for obtaining property under a false pretext should further aver that the property was delivered with consent of the owner, and the intent with which the property was obtained. *Marshall* v. *The State*, 31 Texas, 471.

The indictment we are considering was an ordinary one for theft of a gelding. Over objections of defendant, the court admitted evidence that the possession was obtained by consent of the owner but under a false pretext. This ruling of the court was correct.

Prior to calling this case for trial, a capital case which had been set for that day had progressed so far into a trial as that the parties had not only announced ready for trial, but had selected two jurors, when, the special *venire* being exhausted, the court ordered another returnable on the third day thereafter, and adjourned the murder case over until that time. The case under consideration here was then called for trial, when defendant objected that there

was a case already pending before the court, and that until it was disposed of no other case could be heard and determined. This objection was overruled, and a bill of exceptions duly saved.

Our statute provides that " a capital case may, by agreement of the parties, be set for trial or disposition for any particular day of the term, with the permission of the court, or the court may at its discretion set a day for the trial or disposition of the same ; and the day agreed upon by the parties, or fixed by the court, may be changed, and some other day be fixed, should the court at any time deem it advisable." Code Cr. Proc., art. 609. Whether, after a trial has been actually commenced under the circumstances here presented, and a postponement to a future day becomes necessary, the court may take up and dispose of other business during the interval, is, we are of opinion, a matter entirely discretionary with the court, and one which will not be revised unless it is shown that the party complaining has been injured thereby. No injury is shown in this case. We see no reason why the court could not, with the same propriety, when an unavoidable delay of days occurs, take up and dispose of any other business, just the same as it is authorized to take up and dispose of other business during the retirement of a jury in ordinary cases. Code Cr. Proc., art. 704. The order and direction of the business of the court is under the control and in the discretion of the court, except where the rules of procedure and practice are prescribed by statute.

Causes of challenge to the particular juror in capital cases are those enumerated in art. 636, Code of Criminal Procedure, which are made, with one exception, applicable to all criminal actions. Code Cr. Proc., art. 650. The question proposed to be asked the jurors, " Whether they or either of them had any bias or prejudice in favor of or against the injured parties?" is not authorized by any of the grounds of challenge mentioned. A juror may be

tested and disqualified by his relationship to, but not his bias or prejudice in favor of, the injured party.   Art. 636, subd. 10.   Subd. 12 makes it a disqualification if he has a bias or prejudice in favor of or against the defendant.

The court did not err in excluding the letters written by defendant to his agent or friend, S. C. Hurt, set out in defendant's fourth bill of exception.   To have admitted them would have been to allow defendant the advantage of evidence which he had made for himself subsequent to the commission of the offence.   *Harmon* v. *The State*, 3 Texas Ct. App. 51.

In addition to a charge fully presenting the law, the court, in conformity with the theory of the defence, gave in charge, at defendant's instance and request, a special instruction as follows:  "If you believe from the evidence that the defendant hired the animal in question from Prewitt and Anderson, with the honest purpose of going to Brushy to arrest certain parties for whom he had papers, and that defendant did go to Brushy after the parties, and never returned the animal hired, but was prevented from so doing by being himself arrested and the animal turned loose there, and defendant carried off elsewhere, you will acquit the defendant."

Evidently the jury did not credit the story of the defendant's caption and asportation, but rather the caption and asportation of the gelding by him, as charged in the indictment.   We cannot say that they erred in their conclusions, for the testimony tends strongly if it does not positively show that he was riding the gelding and offered to sell a similar gelding after his own supposed arrest by the desperadoes, miles distant and in a different direction from the scene of his capture and the place where the gelding was said to have been turned loose.

We see no reason why the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*