## LORENZO DOW v. THE STATE.

12b 343
35 591|

1. THEFT — INTENT.— Whilst it is true that in this State under an ordinary indictment for theft a conviction may be had on proof which shows that the taking, though with the owner's consent, was obtained by false pretext or with intent to deprive the owner of the value of the property and appropriate it to the use and benefit of the taker, yet in such a case the proof must show affirmatively that the taking was obtained by means of the false pretext or with the

intent to deprive the owner of the value of the property and to appropriate the same to the taker's own use.

2. SAME.— The intent being the gist of the offense, it must exist at the time of the taking. If the intent did not exist at the time of the taking, no subsequent felonious intention will render the previous taking felonious.

3. EVIDENCE.— See evidence held insufficient to show felonious intent at the time possession was obtained.

APPEAL from the District Court of Bell. Tried below before the Hon. B. W. RIMES.

The indictment charged the theft of a horse. The penalty awarded by a verdict of guilty was a five years' term in the penitentiary.

Henry Brown, for the State, testified in substance that he lived in Lampasas county; that he got acquainted with the defendant on the "trail;" that about January 1st, 1882, the defendant was living at witness's house, and had a horse in his lot, which defendant intended riding to Belton, Bell county, to see his mother; that his horse got out of the lot, and the witness loaned the defendant his, the witness's, horse to hunt for defendant's. The defendant searched for two days without success, and then importuned the witness to lend him his horse to ride to Belton on a visit to his mother, promising to return in a week. The witness refused at first, but his wife interceding with him for the defendant he finally consented, and directed the defendant to occupy two days in making the trip to Belton, as the distance was too great for a single day's ride. The witness heard nothing of the defendant or his horse for two or three weeks, and grew uneasy. He wrote to Belton several times but failed to get replies to his letters. He finally received a letter from R. D. Johnson, saying that his horse was sick but he would return him as soon as he could travel to Lampasas. The witness afterwards got his horse from Mr. Markley.

A. Markley testified for the State that he bought the horse in question from the defendant. When he bought him he was so poor that he could scarcely stand on his feet. The witness had seen the defendant riding the horse for two or three weeks. The defendant claimed that the horse was his.

No brief for the appellant has reached the Reporters.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. It is well settled in this State that under an ordinary indictment for theft a conviction may be had on proof which shows that the taking, though with the owner's consent, was obtained by false pretext or with intent to deprive the owner of the value of the property and appropriate it to the use and benefit of the taker. Penal Code, art. 727; *White* v. *State*, 11 Texas, 769; *Smith* v. *State*, 35 Texas, 738; *Maddox* v. *State*, 41 Texas, 205; *Reed* v. *State*, 8 Texas Ct. App. 40; *Spinks* v. *State*, 8 Texas Ct. App. 125; *Jones* v. *State*, 8 Texas Ct. App. 648; *Hudson* v. *State*, 10 Texas Ct. App. 215.

But it is also equally as well settled that, in order to sustain a prosecution for theft when the taking was originally lawful, the proof must show that the taking was obtained by some false pretext or with intent to deprive the owner of the value of the property and appropriate it to the use and benefit of the taker. *Hornbeck* v. *State*, 10 Texas Ct. App. 408. The intent is the gist of the offense, and such intent must exist at the time of the taking; for if the intent did not exist at the time of taking no subsequent felonious intention will render the previous taking felonious. *Billiard* v. *State*, 30 Texas, 368; *Johnson* v. *State*, 1 Texas Ct. App. 118.

Whilst there was no error in the portion of the charge of the court which is complained of,— the same being in harmony with the rules of law above enunciated,— we are

of opinion that the facts shown in evidence do not establish a fraudulent intent at the time appellant obtained possession of the horse, nor do they establish the fact that the horse was obtained by means of a false pretext.

Because the evidence is insufficient to support the verdict and judgment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*