OF

## THE STATE OF IOWA,

AT

## DES MOINES, MAY TERM, A. D. 1894.

AND IN THE FORTY-EIGHTH YEAR OF THE STATE.

---

STATE OF IOWA v. J. B. DANIELS, Appellant.

**Defective Indictment: False Pretenses.** An indictment for obtaining a signature by false pretenses, must aver that it was obtained with intent to defraud, and the objection that there is no such averment may be raised on appeal, for the first time.

*Appeal from Harrison District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, MAY 8, 1894.

INDICTMENT for designedly and by false pretenses securing the signature of another to a written instrument. There was a verdict of guilty and a judgment, from which the defendant appealed.—*Reversed.*

(491)

*S. H. Cochran* for appellant.

*John Y. Stone*, Attorney General, and *Thomas A. Cheshire* for the state.

GRANGER, C. J.—The section of the Code under which the indictment is found is 4073, and it provides that "if any person designedly or by false pretenses, * * * and with intent to defraud, * * * obtain the signature of any person to a written instrument, * * * he shall be punished," etc. The indictment in this case charges the obtaining of the signature of one D. A. Bendon to a promissory note, but it does not charge that the signature was obtained with intent to defraud, and it is urged that the indictment is fatally defective. It is clearly so, and that fact is not questioned in argument, but it is said that no objection of any kind was made to the indictment below, nor was there a motion in arrest of judgment, and that the objection can not be first raised in this court. That rule obtains in civil, but not in criminal, cases. The law requires the supreme court, on appeal in criminal cases, to examine the record and, without regard to technical errors or defects which do not affect the substantial rights of the parties, render such judgments on the record as the law demands. Code, section 4538. In *State v. Potter*, 28 Iowa, 554, the above language is quoted, and it is then said: "We would not, in a criminal case, affirm a judgment when it appears that the defendant is charged with no offense against the laws, though he should in no stage of the proceedings, either in this court or the court below, object on that ground." By the failure of the indictment to charge that the signature was obtained with intent to defraud, no offense is stated, and there can be no legal conviction under it. The judgment is REVERSED.