STATE OF IOWA, Appellee, v. L. W. BROWN, Appellant.

**Indictment:** SUFFICIENCY. Unless an indictment wholly fails to charge an offense its sufficiency cannot be attacked for the first time on appeal.

**Same:** INTOXICATING LIQUORS. It is not necessary to allege in an indictment for maintaining a liquor nuisance that the liquors were kept or sold in violation of law, as the mere keeping or sale is in itself unlawful.

**Evidence:** PRODUCTION UPON NOTICE. Where a defendant has been duly served with notice that certain witnesses will be examined for the State their testimony is admissible, though their names are not indorsed on the indictment.

**Evidence:** FAILURE TO SHOW MATERIALITY. The admission of evidence, which was competent had it been followed up, was not erroneous where it was stricken during the trial, and withdrawn in the formal charge to the jury because of a failure to make the connection.

**Intoxicating liquors:** PERMIT: DURATION. The authority of a pharmacist to handle intoxicating liquors is the order of the court permitting the same, and not the certificate issued by the clerk.

*Appeal from Harrison District Court.*— HON. O. D. WHEELER, Judge.

TUESDAY, DECEMBER 11, 1906.

REHEARING DENIED, MONDAY, JUNE 10, 1907.

INDICTMENT for maintaining a liquor nuisance. Verdict and judgment of guilty, and defendant appeals.—*Affirmed.*

*J. S. Dewell,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

DEEMER. J.— The indictment charges that defendant did continue and use a building erection and place with intent and for the purpose then and there and therein to sell and keep for sale intoxicating liquors, to wit: Whisky, alcohol, and brandy, and did then and there in said building erection and place, sell and keep the same for sale contrary to and in violation of law. While defendant did not in the lower court challenge the sufficiency of the indictment, he now contends that it is insufficient, because it does not charge that he maintained or used the place with intent and for the purpose of keeping for sale therein intoxicating liquor contrary to law, and does not allege that in the building or place he sold the liquor with intent to sell the same contrary to law.

Unless the indictment is so fatally defective as to charge no offense against our laws, defendant is in no position to avail himself of the point relied upon; for he is raising the
1. INDICTMENT: question for the first time in this court. *State
sufficiency.*    *v. Potter,* 28 Iowa, 554; *State v. Daniels,* 90
Iowa, 491. The exact points made against the indictment are that the first part of it does not allege that defendant kept the place with intent to keep or sell liquors contrary to law; and that in the second part there is no allegation that defendant intended to sell the liquors contrary to law. One other proposition is that the indictment is bad for duplicity. Manifestly this point cannot be made for the first time in this court, so that we return to the two objections above stated.

Little time need be given this matter for in *State v. Jordan,* 39 Iowa, 387, it is expressly held that it is not necessary to allege that the liquors were sold in violation of law or kept in violation of law. The keeping of intoxicating liquors

for sale or the sale of such liquors within the State is in itself
unlawful, unless the party thus keeping or
selling is specially authorized to sell the same,
and such authority need not be negatived in the indictment.
See, also, *State v. Collins,* 11 Iowa, 141; and section 2424 of
the Code with its annotations. The indictment is not vulnerable to the attack now made upon it.

**2. Same: intoxicating liquors.**

II. Two witnesses, whose names it is claimed were not
indorsed upon the back of the indictment gave testimony
against the defendant. It affirmatively appears that as to
one witness there was no ruling by the trial
court, and no exception taken. As to the
other, the objection made to the witness' testimony shows
that defendant had been served with notice that the witness
would be produced. Moreover the record shows a notice that
both witnesses would be produced which notice was duly
served by the sheriff. The notice was sufficient to justify
the introduction of the testimony. *State v. Bernstein,* 99
Iowa, 5.

**3. Evidence: production upon notice.**

III. Other complaints with reference to the testimony
given by these and other witnesses are without merit, for the
reason that the testimony was withdrawn by the court, not
only in its formal charge, but also during the
trial. The testimony when introduced was
competent, had it been followed up, but the State neglected to
make the connection, and the testimony was withdrawn.
There was no error here.

**4. Evidence: failure to show materiality.**

IV. It seems that defendant was a registered pharmacist, and that he also had procured a permit from the District
Court to sell intoxicating liquors. This permit was granted
September 5, 1900, and the District Court instructed that it expired September 5, 1903,
and that during the year 1904, when defendant is charged
with having kept and sold intoxicating liquors, he had no
right to do so. Of this complaint is made. It appears from
the record of the Court granting defendant a permit that it

**5. Intoxicating liquors: permit: duration.**

was to continue for three years from and after September 5, 1900. The permit record, and all the Court records which the Clerk was authorized and required to keep under section 2393 of the Code, show that the permit was limited to three years. The permit delivered to defendant under section 2392 of the Code contained no limitations as to time, save that the right to sell was to continue so long as defendant's certificate of registration as a pharmacist was in effect, or until the permit was otherwise revoked according to law. Section 2392 requires that the permit state the length of time the same shall be in force. The granting of a permit under our statutes is a judicial act, reposed in the district courts of the State, and not a mere ministerial or administrative duty of the clerks of said courts. The real permit is the order of the court granting it, and the clerk, in executing the permit which is given to the pharmacist, has no right to change or modify the order of the district court. If he does so his mistake will not protect the pharmacist. To hold otherwise would place it in the power of clerks of the court to issue permits binding upon the State. This, of course, should be avoided, and the law itself clearly takes from such officials the right to modify the order made by the court in granting the permit. The permission is to be found in the court's order and not in the paper issued to the pharmacist. If this were not the rule a clerk might bind the State by mistake or inadvertence or through collusion and fraud. There is no doubt whatever that the permit granted by the Court in this case was limited to the term of three years, and the Clerk did not and could not extend it by issuing a certificate to the defendant not so limited. There is much ground for saying that the permit issued to defendant under section 2392 of the Code was void *in toto,* for the reason that it did not state the length of time it should be in force. But as there was in fact a permit granted him by the court for the term of three years, it is not necessary to pass upon the sufficiency of the paper issued to defendant. The permit issued under section

2392 is not the foundation of his authority to sell. Indeed, we think one granted a permit by order of court might sell without the issuance of the formal certificate. There was no error in the rulings of the trial court with reference to this matter.

V.   While the instructions given by the trial court are complained of, they seem to be in accord with the statutes and the former decisions of this court.

VI.   There was no error in the admission of the testimony of Marshall. *State v. O'Malley,* 132 Iowa, 696.

No prejudicial error appears, and the judgment is *affirmed.*