Johnson, J.
The indictment is founded on Section 7076, Revised Statutes, which relates to obtaining money, etc, by false pretenses. There are defined in the section three different offenses. First obtaining by any false pretense with intent to defraud, anything of value from another; second, procuring by any false pretense,. with intent to defraud, the signature of any person as maker, endorser, etc, of any bond, note, or other evidence of indebtedness, and third, selling, or offering to sell, any such instrument, knowing the signature to have been obtained by false pretenses. The indictment in this' case, it is conceded, was intended to describe an offense included in the second class. It alleges that said Coblentz, on the 7th of March, 1907, in said county of Miami and state of Ohio, then and there being, unlawfully did falselv pretend, with intent to defraud to one Ira M. Al *240 baugh, that the Gem City Acetylene Generator Company, a corporation located with its principal place of business at Dayton, Ohio, was solvent and entirely out of debt and did not owe any man a dollar. And proceeding, alleges that he pretended that the company was doing an excellent business and making sufficient money to pay the expenses of the company and declare dividends of 20 per cent, on the capital stock; that it had paid 20 per .cent, dividends and then had on hands a sufficient surplus of net earnings to pay a 20 per cent, dividend, but that the money was needed in the business, and that he, Ira M. Albaugh, would receive his equal proportion thereof the same as if he had been a stockholder at the time the dividend was earned, and further, that he represented that he was selling stock of the company for the purpose of procuring funds to increase the output and then sets out the names of some of those to whom he pretended to have sold stock. And further, that every dollar that was paid on stock so sold by him had been, and would be, expended by the company in the increase of its business whereby the earnings could be greatly increased from those aforesaid, by which said false pretenses the said William S. Coblentz then and there did unlawfully procure the signature of the said Ira M. Albaugh, as maker, to a promissory note of the value of five thousand dollars, and then sets out a copy of the note. The indictment then proceeds to allege that in truth and fact said company was not solvent, and .was not out of debt,' but on the contrary its indebtedness was much in excess of its assets and a statement from the books of the com *241 pany is set out in the indictment in support of this allegation. The indictment then proceeds to set out facts showing that the company was largely indebted to other parties, naming them, and that this indebtedness in the aggregate exceeded the available assets of the company, and alleges that it was not then doing an excellent business, or even a good business and had never made any money, and was then actually losing money, and that all of these facts were well known to William S. Coblentz at the time he made the statements heretofore referred to. The indictment contains a further allegation that the five thousand dollars paid by the said Ira M. Albaugh was not expended by the company in the increase of the company’s business, but alleges that it was paid part to Coblentz, and part on then existing indebtedness of the company, and concludes with the allegation that said William S. Coblentz at the time he so falsely pretended, as aforesaid, well knew the said false pretenses to be false, he being the general manager of the said company on said 7th of March, 1907, and had been for more than one year prior thereto.
When tested by well settled rules, does this instrument meet the requirements of a valid indicL ment ? A criminal charge should be preferred with such certainty and precision as will reasonably apprise the party charged of that which he may expect to meet and be required to answer, and so that the court and jury may know what they are to try, and the court may determine without unreasonable difficulty what evidence is admissible; also that the record to be made will be sufficiently *242 definite to make it clear of what-the party has been put in jeopardy. Dillingham v. State, 5 Ohio St., 280; Du Brul v. State, 80 Ohio St., 52. And an indictment for procuring a signature to a promissory note by false pretenses, with intent to defraud, under Section 7076, should allege that the signature was secured not only by false pretenses, but with intent to defraud. Where a statute makes a certain intent an element of the offense, that intent must be averred directly, and specifically, in the indictment, by proper affirmative allegation. Drake v. State, 19 Ohio St., 211; Kennedy v. State, 34 Ohio St., 314-316; State v. Daniels, 90 Ia., 491; Marshall v. State, 31 Tex., 471; 19 Cyc., 436; 2 Wharton’s Criminal Law (10 ed.), Sec. 1226.
'First: It must be noted that this indictment contains no averment that there was any attempt to induce Albaugh to purchase stock in the company; there is no allegation in the indictment that Albaugh ever did purchase stock in the company. And although there is an averment that “the five thousand dollars paid, by Ira M. Albaugh was not expended by the company in the increase of the company’s business;” there is no direct allegation that he ever did pay five thousand dollars to the company or if he did whether or hot he paid it in payment of the note to which his name was signed and secured as alleged. There is no allegation that Albaugh was induced to sign the note on the understanding that he was to receive anything therefor. So that so-far as appears by the indictment nothing was held out tb Albaugh which he was to' receive in consideration of or ' as an *243 inducement to his signing that note. It must be remembered that the charge is not that he obtained by false pretenses, with intent to defraud, five thousand dollars or any other thing of value from Albaugh, but that he procured the signature of Albaugh to a promissory note of the value of five thousand dollars.
As was said by the court in Tarbox v. The State, 38 Ohio St., 583, “the provision of the section concerning the procuring of a signature was intended to cover an entirely different class of offenses; a good illustration of which would be the case of one who should present to another, with a request that he should sign it, a paper falsely represented to be a certificate of character, a subscription paper, or the like, whereas the paper is, in reality, a promissory note or check, or bill of sale.” Now, there is no allegation in this indictment that the note to which Albaugh’s signature was procured was not what it had been represented to him to be. The inference here is that the signature to .the note was an incident of, and not the end in fact sought, or to which the pretense related. There is no allegation whatever that the defendant, or the company, ever received anything of value on account of the note, or that they ever promised to Albaugh that they would give him anything of value in return for it, or that Albaugii expected to receive anything of value in return for his signature to the note. The important matter is that the false pretense or false representations .as to the business and the financial condition of the company are not shown by the indictment to have had any connection with the giving of the note. ' No con *244 sideration for it is stated. So far as any direct averment is concerned the note may have been given for a loan. It is only from indirect averments that one may infer that it was given for stock. Second: It will be observed that the allegation in the indictment as to the procuring of the note is as follows: “by which said false pretenses the said William S. Coblentz then and there did unlawfully procure the signature of the said Ira M. Albaugh as maker, to a promissory note of the value of $5,000.00 which said promissory note was in the words and figures following.”
There is no allegation that the signature was procured with intent to defraud. The intent to defraud is specifically made an essential element in the crime by the statute, and under the authorities above given it is necessary that the indictment should aver that the signature was procured with intent to defraud. It is true that in the first part of the instrument there is a general averment that the defendant did unlawfully and falsely pretend with intent to defraud to one Ira M. Albaugh, etc., but as already shown there is no connection between those allegations, and the allegations later on in the indictment as to the procuring of the signature of Albaugh.
In Drake v. State, 19 Ohio St., 211, the rule is stated as follows: “An intent to prejudice, damage or defraud is an essential ingredient in the crime of forgery, and an indictment for that crime must therefore charge such an intent directly and specifically, and a mere statement of such an intent in the conclusion of such an indictment by way of *245 deduction or inference from' the' facts previously found is not sufficient.” And also in Commonwealth v. Dun, 110 Mass., 64.
It is insisted by counsel for the state that Tarbox v. State, 38 Ohio St., 581, supports their con1 tention as to the sufficiency of this indictment. The charge in that case was obtaining a check by false pretenses.
The court held that a check was a thing of value within the meaning of the first clause of Section 7076, and that the indictment could be properly laid under that clause. But the court points out that in that section there are three distinct classes of crime, described, and that under Section 6794, Revised Statutes, “anything of value” shall include “a check or bond given for payment of money.” The court then state that the clause “concerning the procuring of a signature was intended to cover an entirely different class of offenses.”
In this case the averment is that it was the signature that was secured.
In Kennedy v. State, 34 Ohio St., 310, which was a case where B,' a county auditor, fraudulently issued an order on the county treasurer in favor of A, and received payment thereof on the false pretense that he was authorized by A, to do so, while in fact as he well knew A had no claim against the county, the court after a full examination and discussion of the averments of the indictment say at page 316: “If the indictment had contained the averment that Kennedy by means of false pretenses obtained the check from House with intent to defraud it would have been sufficient, but it contained no such averment.”
*246 We feel forced to the conclusion, that this indictment does • not state the nature and cause of the accusation against defendant so as to directly and specifically advise him of what he must prepare to meet.
It does not meet the requirements of well-settled rules or secure to him the constitutional safeguard of the right to demand the nature and cause of the charge against him.
It is contended by plaintiff in error that the trial court erred in the admission of testimony as to similar transactions and statements by defendant to others. Some of these statements and transactions occurred before and some subsequent to the time the alleged false representations were made to Albaugh, to-wit: March, 1907. The trial court admitted the testimony on .the ground as stated in the charge; that the law of this state permits evidence of similar transactions to go to the jury for the sole purpose of throwing what light they may on the intent and knowledge of the party making the representations.
We think this is correct as to those transactions which occurred prior to the one in question.
In Tarbox v. State, 38 Ohio St., 584, the court say: “The decisions are uniform to the effect that where scienter .is an element of the crime charged previous offenses necessarily involving such guilty lcnowledge are admissible.”
As to those transactions which occur subsequent to the one in question, the weight of authority and of reason is against the admissibility of the testimony. Any other rule would widen the scope of the inquiry beyond bounds within which defend *247 ant could fully prepare his defense. State v. Letourneau, 24 R. I., 3; Shulman v. State, 76 N. Y., 624; Jackson v. People, 126 Ill., 149.
There are some other assignments or error, but we do not find it necessary to consider them in this opinion.
The judgments below will be reversed and defendant discharged.

Judgments reversed.

Davis, Price and Donahue, JJ., concur.