STATE OF IOWA, Appellee, v. LAWRENCE ALBERTSON, Appellant.

No. 44929.

OCTOBER 24, 1939.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and George C. Van Nostrand, County Attorney, for appellee.

Ralph H. Munro, for appellant.

SAGER, J.—On September 28, 1938, there was filed in the office of a justice of the peace of Jefferson county, two informations against the defendant. Each was in ten counts, all in the same language. Each charged that the defendant "did have in his possession one channel catfish of illegal length, contrary to

section 208 of the Iowa Conservation Laws as passed by the 47th General Assembly of Iowa."

Defendant demurred to all counts but one on the ground that the crime alleged in each was the same as was charged in count 1. He also made a motion requiring the county attorney to elect on which count he would proceed. The justice sustained both the demurrer and motion, but made no ruling with reference to the discharge of the defendant. The county attorney "elected to try on the 1st count of the 20 counts as in Information." This trial resulted in a disagreement.

A new trial was had on January 16, 1939, with the situation as thus far pointed out. While the county attorney "was making his plea (opening or closing does not appear) to the jury", the question was raised as to "whether the case was being tried on the first count of the 20 counts or on the 20 counts as filed in the Information." The county attorney thereupon met the question in the following manner:

"The Co. Atty. now makes a motion to the Court that this cause be tried on the 20 counts and same was sustained by the Court and the case was tried on the 20 counts."

Defendant was found guilty on all counts. Thereupon he was sentenced to the county jail for 15 days on each count of the first ten, to be served consecutively, and assessed a fine of $50 on each of the other ten counts. Being dissatisfied with that result, defendant appealed to the district court.

In the district court the defendant was again tried and found guilty on ten counts, and sentenced to serve 30 days on each, sentences to run consecutively.

In passing, it should be observed that the trial court did not overlook the unusual nature of the proceedings up to that time. There was some discussion between the court and counsel as to whether there was for trial one count or twenty. The court disposed of the matter in the following language:

"The Court: This matter has puzzled me a great deal. I confess I don't know what the law is yet. Here is a rather involved situation in the first place. Two complete informations were filed in the one case. One is a duplicate of the other in every respect, even to the number of the counts. Each one has counts one to ten in identical language. It is conceded here of

record that they were both filed as one case. It is claimed they charged 20 offenses. It seems to me there could be no other conclusion but what they are duplicates, and only ten offenses are charged, and to that extent this motion I am sure must be sustained.''

The cause proceeded to trial on ten counts. The defendant contends that the verdict was contrary to law and the evidence, and was without support in the evidence.

The case seemingly was tried upon the theory (and the court instructed) that the burden was upon the state to prove that the defendant had possession of catfish which had been *illegally taken* from the waters of the state, under the length of 12 inches. Whether this theory was the correct one we are not called upon now to determine. Section 14010 of the Code 1935 provides:

''If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it.''

It goes without saying that before a defendant may be convicted, there must be laid as the foundation for any such conviction some crime denounced by the statutes of the state. An examination of the information before us, as already pointed out, discloses that this defendant was charged with having had in his possession one channel catfish of illegal length ''contrary to Section 208 of the Iowa Conservation Laws as passed by the 47th General Assembly of Iowa.'' We assume (but do not decide) that the Conservation Laws to which reference is thus made is chapter 99 of the Acts of the Forty-seventh General Assembly, which deals with the conservation of fish and game and allied matters. Turning to that chapter, it will be discovered that there is no section 208 therein, nor in any other enactment of that Assembly having to do with the subject under investigation. We find then that the defendant is accused of violating a law which did not exist. We are not unmindful that section 14010 above-quoted is not intended, nor should it be con-

strued, to provide a means of allowing law breakers to escape. ▆ But as said in State v. Potter, 28 Iowa 554, 558:

"We could not, in a criminal case, affirm a judgment when it appears that the defendant is charged with no offense against the laws, though he should in no stage of the proceedings, either in this court or in the court below, object on that ground."

See, also, State v. Daniels, 90 Iowa 491, 58 N. W. 891.

▆ While these cases refer to indictments, no reason occurs to us why the principle announced is not appropriate to cases based on county attorneys' informations. Finding as we do that the information charges the defendant with violation of a law which had no existence in fact, the judgment of the trial court cannot be sustained. It is, therefore, reversed.—Reversed.

OLIVER, C. J., and MITCHELL, BLISS, MILLER, and STIGER, JJ., concur.