Johnny Leon SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 46962.

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., and William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of theft of corporeal personal property of the value of fifty dollars or over by false pretext; the punishment, enhanced under Article 63, Vernon's Ann.P. C., life.

Appellant contends by his first ground of error that the indictment in this cause is fatally defective because there is no allega-

tion that the truck in question was actually appropriated. The indictment alleges that:

". . . one Johnny L. Smith on or about the 2nd day of September in the year of our Lord One Thousand Nine Hundred and 71, in the County and State aforesaid, *did unlawfully and fraudulently take one automobile truck* of the value of over $50.00, the same being the corporeal personal property of Jess C. Barbee from the possession of the said Jess C. Barbee without the consent of the said Jess C. Barbee and with the intent to deprive the said Jess C. Barbee of the value thereof, and *with the intent to appropriate it to the use and benefit of him,* the said Johnny L. Smith." (Emphasis supplied.)

No motion to quash the indictment was filed prior to trial.

In Cameron v. State, 401 S.W.2d 809 (Tex.Cr.App.1966), this Court stated, in discussing a similar contention, that:

"Under either statute, Art. 1410 or 1413, supra, to constitute theft the original taking must be wrongful and fraudulent. In the early cases of Smith v. State, 35 Tex. 738, 739, and Maddox v. State, 41 Tex. 205, it was held that ordinary theft and theft by false pretext were not different offenses but only different in the facts and circumstances surrounding the taking, which need not be averred in the indictment. We adhere to the holding that such facts and circumstances are *evidentiary matters which need not be alleged.*" (Emphasis supplied.)

■ Since theft by false pretext is but another form of theft and the element of "appropriation" is merely evidentiary in relationship to the element of "taking" for ordinary theft, the indictment in question did not need to allege that appellant appropriated the truck. See also Howard v. State, 420 S.W.2d 706 (Tex.Cr.App.1967).

The first ground of error is overruled.

Appellant contends by his second ground of error that the trial court committed fundamental error in its charge to the jury because the charge failed to include as an essential element of the offense the actual appropriation of the truck.

■ The charge, taken as a whole, includes the element of actual appropriation in the definition of the offense and application to the facts; and it fairly submitted the issue of appellant's guilt to the jury. A charge that adequately protects an accused's rights, although not applying the law to the facts as preferred by him, is sufficient if the jury could have acquitted him under it, had they believed his version of the facts. See generally, Boazman v. State, 501 S.W.2d 894 (Tex.Cr.App.1973); Estrada v. State, 422 S.W.2d 453 (Tex.Cr. App.1968); Cameron v. State, supra.

■ Appellant's apparently newly retained counsel on appeal, who is different from his counsel who originally filed his brief, filed a supplemental brief in this Court six days after submission of this case alleging four additional grounds of error. Since these four grounds of error were not raised in his original brief, they are not properly before this Court for review. See Kalmbach v. State, 481 S.W.2d 151 (Tex.Cr.App.1972). Nevertheless, it is noted that one of these grounds asserts that in one of the prior convictions used for enhancement under Article 63, supra, he was without the advice and assistance of counsel.

■ The record does not support such contention. In each of the causes, the judgment plainly recites that appellant appeared in person, with counsel, and the sentences bear the same date as the judgments in both causes. See Perkins v. State, 493 S.W.2d 851 (Tex.Cr.App.1972).

Finding no reversible error, the judgment is affirmed.