FRAMPTON GREEN, *alias* FRANK D. GREEN, *alias* FRAMP GREEN V. THE STATE.

No. 22089. Delivered April 29, 1942.
Rehearing Denied May 27, 1942.

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of an automobile over the value of $50.00. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant first complains of the action of the trial court in overruling his motion to quash the indictment on the alleged ground that said indictment was voted and returned by a grand jury composed of thirteen members. This bill is qualified by the trial court who states in his qualification that before the grand jury was completed and charged, it was made known to the court that Cecil Jones, who had been summoned as a prospective grand juror, resided in Hartley County and not in Dallam County, whereupon he (Jones) was discharged and another member was called to take his place in the jury box with eleven others; that then the entire twelve men were resworn as a grand jury; that at no time was there a grand jury of thirteen members. Appellant accepted the bill with the qualification thereof and is bound thereby. The bill, as thus qualified, fails to reflect error.

Appellant's next contention is that the evidence is wholly insufficient to support his conviction. It was the State's theory, finding support in the evidence, that appellant took the automobile in question without the consent of Harvey Hibler, who was the special owner thereof, while it was parked in front of the Royal Cafe in the town of Dalhart, and drove it to Olney, in Young County, a distance of about 350 miles, where he was subsequently apprehended and brought back to Dalhart. It was the defendant's theory, also finding support in the evidence introduced by him, that on the night in question, Luther Devers wanted to go to Olney to bring his mother back to Dalhart; that he (appellant) agreed to take Devers and his wife to Olney for that purpose; that Devers agreed to pay for the oil and gasoline consumed in making the trip; that appellant carried Roy Reeves and Mr. and Mrs. Devers to Olney, where he was arrested about two days later. It was further shown that on the night in question, appellant claimed that the car belonged to him. However, on the trial he testified that he had borrowed it from Hibler; that at no time did he have any intention of stealing it.

It will be noted from the foregoing brief statement of the material evidence introduced upon the trial that a highly controverted issue was raised and that this issue was fairly submitted by the court to the jury who decided it adversely to the appellant, and we would not be justified in holding that there is no evidence upon which the jury could base their verdict. Hence we overrule this contention.

Appellant addressed seven objections to the court's main charge and requested eight special charges. The court submitted four of the special charges to the jury but declined to give the remaining four which ruling, in our opinion, was eminently correct. The court's charge, together with the requested charges, fairly and adequately applied the law to the facts most favorably to the appellant's contention. Appellant contends however, that he was entitled to an instruction on circumstantial evidence. With this contention we are unable to agree. There is no question about appellant taking the car and driving it to Olney. He admitted this much. The only controverted issue is the intent with which he took it. It seems to be a fairly well settled rule in this State that where there is direct and positive evidence that the accused took the property in question and that his fraudulent intent is to be inferred from the main facts proven, there is no necessity for a charge on circumstantial evidence, because the case, in a legal sense, does not rest wholly upon circumstantial evidence. See Rundell v. State, 90 Tex. Cr. R. 410; Roberts v. State, 44 Tex. Cr. R. 267; Flagg v. State, 51 Tex. Cr. R. 602.

It seems from the record that upon the trial of his case appellant was represented by able counsel who secured for him every legal right to which he was entitled.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

The facts in this cause are rather difficult to evaluate. Many of the witnesses seemed to have been drinking rather heavily, and it is not clearly shown what the appellant's defense was save by inference. He did not enlighten us by taking the stand. If his defense was that his taking of the automobile was but temporary for the purpose of making a 350 mile trip therein for the purpose of bringing back to his starting point the mother of Mr. Devers, with the implied consent of Hibler, the man who had possession of the car, then the court,

in special charge No. 3, told the jury to acquit him if they so believed or had a reasonable doubt thereof. To the same effect was special charge No. 4, given by the trial court. The careful trial court also told the jury in special charge No. 7 that if appellant gave a reasonable and probably true explanation of his possession of this car when apprehended at Olney, Texas, by the officers, that such operated as a rebuttal of the fact of his possession of such recently stolen property, and before a conviction could be had herein the State must show such explanation to have been false, and unless so shown they should acquit appellant.

Again, in special charge No. 8 the trial court instructed the jury that if they believed, or had a reasonable doubt thereof, that no consent was given by Hibler to appellant to take such car, either expressed or implied, but that he merely took the same for temporary use, and to bring back the mother of Devers from Olney, Texas, then they should acquit him.

We think that the trial court was fairly liberal in giving such special charges that surely presented to the jury the only defense offered for the possession of such automobile upon the part of appellant.

We think the value of the car was shown to have been over fifty dollars.

Appellant further complains that the trial court erred in his charge to the jury in that in paragraph six thereof the court stated that in order for the State to make out its case it was necessary that it prove: "(b) That the defendant took possession of such automobile without the consent of Harvey Hibler, or Hubert Bishop, or either of them."

It is noted that in paragraph five of such charge, wherein the trial court was applying the law to the facts, he instructed the jury that it was only necessary that they believe beyond a reasonable doubt that the appellant took the automobile from the possession of Harvey Hibler without the consent of Harvey Hibler, and did not mention the lack of consent of Hubert Bishop.

We think such charge as set forth in paragraph five was correct, there being no contention offered by appellant relative

to the consent of Bishop, and the portion of paragraph six above quoted had no application either to the State's case or the appellant's defense. However, we do not think any injury to appellant could have resulted from such inclusion of the consent of Bishop.

We find no reason for receding from the views expressed in the original opinion, and the motion is therefore overruled.