MARTIN SALDIVAR V. THE STATE.

No. 23152. Delivered June 6, 1945.

418

The opinion states the case.

*Philip J. Montalbo* and *J. S. Bailey, Jr.,* both of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of assault with a prohibited weapon. The punishment assessed is confinement in the state penitentiary for a period of two years.

The indictment in this case contains two counts. In the first it is charged, omitting the formal parts, that "Martin Saldivar, on or about the 15th day of December, A. D., 1944, in said County and State, with malice aforethought, in and upon Domingo Garcia, did make an assault, with the intent then and there to kill the said Domingo Garcia." In the second count it is charged that the said Martin Saldivar "on or about the 15th day of December, A. D., 1944, in said County and State, while then and there unlawfully carrying on and about his person a pistol, with the said pistol did then and there unlawfully and willfully commit an assault in and upon the said Domingo Garcia, and did then and there with said pistol shoot the said Domingo Garcia."

The case was submitted to the jury on the second count.

The evidence adduced by the State shows that appellant shot Domingo Garcia through the arm with a pistol. Upon his trial he admitted shooting Garcia but contended that he did so in self-defense. The issue thus formed was decided adversely to him by the jury whose province it was to determine the same.

The record in this case is very much in a nebulous state, so much so that we cannot determine from the recitals therein when and at what time he made objections or took exceptions, if any, to the ruling of the trial court. However, in his amended motion for a new trial he complains of various actions of the trial court and states that he then and there objected and excepted, but there is no verification thereof by the court. Nevertheless, we will dispose of his complaints in the light of the record before us.

He first complains of the action of the trial court in over-

ruling his original and supplemental motions for a new trial based on six separate and unrelated matters. The first is that the court erred in overruling the same, based on misconduct of the jury without any averment of what the misconduct consisted. His second complaint is that the court erred in not granting him a new trial on the ground that the court erred in overruling his application for a continuance by reason of the absence of three witnesses. His third complaint is because the court declined to consider the affidavit of the witness, Martha Acebedo, sworn to before the appellant's attorney and attached to his motion. The fourth complaint consists of statements in the nature of an argument seeking to convince the court that error was committed by overruling the original and supplemental motions for a new trial. His fifth and sixth contentions are that the court erred in not granting him a new trial based on alleged argument of the Assistant District Attorney. The court declined to certify to the correctness of the statements Nos. 1 to 6, both inclusive, save and except that he overruled the motions for a new trial. In view of the court's limited certificate, the bill presents nothing for review. There is nothing in the bill stating at what stage of the proceeding an objection, if any, was made to the alleged argument of the Assistant District Attorney so as to show that it was made in due time or that he requested the court to instruct the jury to disregard it. Improper argument, to be available, must be objected to at the time it is made. See Harvey v. State, 35 Tex. Cr. R. 545. It is also well settled in this state that bill of exception, in addition to stating the matter complained of, must set out the surrounding facts and circumstances relating thereto so that the bill upon its face will reflect the error therein complained of. In this respect the bill is deficient. See Branch's Ann. Tex. P. C., p. 131, sec. 207, and authorities there cited.

By Bill of Exception No. 2 appellant complains of the court's action in overruling his application for a continuance based on the absence of Olivia Gutierrez, Sofia Lopez and Martha Acebedo. It appears from the application that on the first day of February, 1945, the court set this case for trial on the 19th day of said month; that on the 2nd of February, he applied for process for said witnesses which was returned into court on the 15th day of said month with the return thereon showing that they could not be found at the addresses given by the appellant. No further effort seems to have been made by him to locate them, nor did he seek to obtain other process. The facts which he claims that he expected to prove by said witnesses are alleged to be as follows: That about 7:30 P. M., on December 15, 1944, the witness, Olivia Gutierrez, stated in the presence and

hearing of the witness, Sofia Lopez, and this defendant, that the complaining witness, Domingo Garcia, was her husband and would beat up the appellant if he insisted on speaking to her; that the said Garcia then stated that if a woman did not want to speak to a man no one could force her; that he cursed appellant and tried to attack him, wherupon appellant proceeded to return to his room at 2002½ Congress Avenue; that the witness Gutierrez would further testify that the defendant did not say a word but tried to get away but Garcia followed and cursed him and then asked him to stop and fight; that Garcia had been staying with Olivia Gutierrez for four or five days prior thereto and resented the fact that appellant was trying to speak to her; that he (appellant) believed that he was about to be beaten up by Garcia and he drew his pistol and shot in self-defense. Upon the hearing of the motion the State offered in evidence an affidavit made by the witness, Olivia Gutierrez, which showed that she would not have testified to the facts as claimed by the appellant.

The court qualified this bill and in his qualification states that on January 14, 1945, appellant was released from custody on a bail bond; that he did not apply for process for these witnesses until the 2nd day of February, and then did not furnish the correct addresses of said witnesses but gave incorrect addresses so that the officers would not be able to locate them; that in the opinion of the court the appellant was more interested in obtaining a continuance than he was in securing the attendance of the witnesses, knowing that the injured party was in the Military Service of the United States and had come from the Pacific Coast on a furlough to testify in this case. Appellant accepted the bill as qualified and is bound thereby. See Moore v. State, 161 S. W. (2d) 83; Green v. State, 144 Tex. Cr. R. 221; Contreras v. State, 144 Tex. Cr. R. 285.

We are of the opinion that the court was justified in reaching the conclusion that appellant failed to use proper diligence to secure the attendance of the absent witnesses. The burden rested upon appellant to show diligence on his part. The mere allegation that he used proper diligence is but a conclusion. In support of the opinion here expressed, we refer to the following authorities: Wilson v. State, 87 Tex. Cr. R. 625; Crispi v. State, 90 Tex. Cr. R. 621. See also Branch's Ann. Tex. P. C., p. 186, sec. 314, and cases there cited.

His third complaint relates to the court's action in overruling his supplemental motion for a new trial based on alleged misconduct of the jury while deliberating on their verdict. In

support of this motion he attached the affidavit of juror, A. C. Burton, which is to the effect that after they had retired to consider their verdict, they selected him (Burton) as foreman and then took a quick ballot; that eleven of the jurors voted to assess appellant's punishment at confinement in the state penitentiary for a period of five years; that he (Burton) disagreed; that two of the members of the jury then referred to the activities of the "Long-haired Gang" in Houston, who slugged and robbed people; that appellant also had long hair. The affidavit fails to state that juror Burton disagreed with the other eleven members of the jury as to the guilt of appellant but only on the punishment to be assessed. At least such is the logical deduction from the affidavit in the absence of any statement therein to the contrary, since the other eleven members receded from their position and agreed to a penalty of two years which may have been in accord with juror Burton's original position. Therefore, he failed to show that the reference, if any, by some of the jurors to the "Long-haired Gang" etc. in Houston had any prejudicial effect. The burden rested upon appellant to substantiate the allegations in his supplemental motion for a new trial. In support of the opinion here expressed we refer to the following cases: Lera v. State, 165 S. W. (2d) 92, 144 Tex. Cr. R. 619; Smith v. State, 52 Tex. Cr. R. 344.

His fourth complaint is merely an argument in support of his contention that the court should have granted him a new trial. Hence the bill presents nothing for review.

Appellant's contention that there is a fatal variance between the proof and the allegations in the indictment inasmuch as it was charged that he made the assault with a pistol while the proof in support thereof is that it was a .38 caliber pistol with a cylinder and was therefore a revolver and not a pistol, is hypercritical and without merit. See State v. Barr, (Supreme Court of Missouri) 102 S. W. (2d) 629.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.