Raul O. **GONZALES**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–83–391–CR.

Court of Appeals of Texas, Corpus Christi.

May 10, 1984.

Joseph E. Garcia, Portland, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and GONZALEZ and KENNEDY, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction by jury of misapplication of construction trust funds. Appellant was sentenced by the court to five years' confinement, probated for five years. Appellant challenges the sufficiency of the evidence to support the conviction. We reverse and order a judgment of acquittal.

Appellant was charged by indictment that he "intentionally and knowingly and with intent to defraud, retain, use, misapply and divert said trust funds, fail to fully pay and satisfy Pedro Cano...." [1]

The indictment was based on a civil statute which provided as follows:

### Construction payments and loan receipts declared trust funds

Section 1. All moneys or funds paid to a contractor or subcontractor ... under a construction contract for the improvement of specific real property in this state ... for the purpose of improving such real property which are secured in whole or in part by a lien on the specific property to be improved are hereby declared to be Trust Funds for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvement whatever upon such real property; provided, however, that moneys paid to a contractor or subcontractor ... may be used to pay reasonable overhead of said contractor, subcontractor, or owner, directly related to such construction contract. The contractor, subcontractor, owner ... receiving such payments or funds, or having control or direction of same, is hereby made and constituted a Trustee of such funds so received or under his control or direction.

### Wrongful disbursement, use of retention of trust funds

Sec. 2. Any Trustee, who shall, directly or indirectly, with intent to defraud, retain, use, disburse, misapply, or otherwise divert, any trust funds, or part thereof, as defined in Section 1 of this Act, without first fully paying and satisfying all obligations of the Trustee to all artisans, laborers, mechanics, contractors, subcontractors, or materialmen, incurred or to be incurred in connection with the construction and improvements, for which said funds were received, shall be deemed to have misapplied said Trust Funds. Misapplication of Trust Funds hereunder, under the value of $250, shall be punished by imprisonment in jail not exceeding two years and by fine not exceeding $500, or by such imprisonment without fine. Misapplication of Trust Funds hereunder, of the value of $250 or over shall be punished by confinement in the Department of Corrections for a period not exceeding ten years.

Act of May 27, 1967, ch. 323, 1967 Tex.Gen. Laws, 770, 770–71, *repealed by* Property Code, ch. 576, Sec. 6, 1983 Texas Sess.Law Serv. 3475, 3729–30 (Vernon). As re-enacted, *see* Tex.Prop.Code Ann. §§ 162.001–.033 (Vernon 1984).

The record shows that appellant entered into a contract with the homeowners to

---

1. Our review of the evidence shows that an acquittal must be entered. We note, however, that the charge, which tracks the indictment, contains fundamental error. The statute, set forth in the opinion below, requires that the accused have an intent to defraud, coupled with the act of the accused to retain, use, misapply, or divert *trust funds, without fully paying and satisfying the debt.* Both the indictment and the charge, however, make the failure to pay and satisfy the debt, the act of the offense which must be coupled with an intent to defraud, retain, use, misapply, or divert the trust funds.

The indictment and charge thus enlarge upon the intent elements and switch the culpable act of the accused from retaining, using, misapplying or diverting trust funds to failing to pay and satisfy the debt. The indictment thus alleges, and the charge allows conviction for, conduct which is not an offense.

The statute which was used to convict appellant has been repealed and replaced with a similar statute. See TEX.PROP.CODE ANN. § 162.031 (Vernon 1984). The new statute is reworded and clarifies the elements of the offense.

install vinyl siding on their home, enlarge the front porch, construct an ornamental stone arch, and install screen windows. Appellant hired Cano, and Cano agreed to install the vinyl siding, and underlying insulation, and do preparatory work on the porch to ready it for another worker who would lay the stone. For this, Cano was to receive $1,300.00. Appellant was to supply all necessary materials.

Cano and his employees worked for five days. At the end of that week, on Friday, Cano ran out of materials. Sometime that day, appellant gave Cano a check for $700.00. Cano testified that he did not complain to appellant of the shortage of materials but that, commencing the following Monday, he drove by for three days in a row to see if any had been delivered. He stated he saw none, and that he did not go back after he saw someone else working on the job. That Monday, appellant stopped payment on the check.

It was undisputed that Cano did not finish the work he had agreed to do. When appellant refused to make good on the check, Cano complained to the authorities.

The State characterizes the ultimate issue to be whether appellant was justified in stopping payment on the check. We disagree. The ultimate issue is not who should prevail on the merits of the underlying contract dispute, but, rather, the issue is whether there is sufficient evidence to prove each element of the offense beyond a reasonable doubt.

An examination of the statute reveals that the offense of misapplication of trust funds consists of the following elements:

(1) a trustee

(2) directly or indirectly with intent to defraud

(3) retains, uses, disburses, misapplies, or otherwise diverts

(4) any trust funds or part thereof

(5) without first fully paying and satisfying all *obligations* of the trustee [2]

(6) to those protected by the statute.

Appellant admitted at trial that he was a trustee of the funds, and the evidence is sufficient to show those funds were trust funds as they were the proceeds of a loan secured by a lien on the homeowner's real property. The evidence is also sufficient to establish that appellant retained a part of those funds and Cano was clearly a member of those classes protected by the statute. It is also undisputed that Cano was not fully paid and satisfied.

We are left then with the question of whether there was sufficient evidence to show an intent to defraud.

The gravamen of the instant offense is intent to defraud. That a defendant retains, uses, disburses, misapplies, or diverts trust funds is not in itself an offense. To violate the statute, these acts must be done with an intent to defraud the trustee's beneficiaries. *Cf. Pfleging v. State,* 572 S.W.2d 517, 520 (Tex.Cr.App. 1978) (passing forged instrument not a per se violation of statute).

Several offenses under the present Texas Penal Code have intent to defraud as an element. These include sections 32.21(b) (forgery), 32.22(a) (criminal simulation), 32.31(b)(1), (10), (11) (credit card abuse), 32.46 (securing execution of document by deception), and 32.47 (fraudulent destruction of a writing). And, before the consolidation of the various theft offenses, *see* TEX.PENAL CODE ANN. Sec. 31.02 (Vernon 1974), there were others. For example, swindling by worthless check and theft by false pretext. *See Burleson v. State,* 403 S.W.2d 143 (Tex.Cr.App.1966) and *Cameron v. State,* 401 S.W.2d 809, 813 (Tex.Cr.App.1966), respectively.

2. Neither the indictment nor the charge made any reference to an *obligation.* This term is a constituent element of the offense, and without its inclusion, this is another reason why the indictment and charge are fundamentally defective. The omission cannot be cured by virtue of the necessary inclusion construction rule of law.

*See Dennis v. State,* 647 S.W.2d 275, 280–81 (Tex.Cr.App.1983). The term cannot be said to be included within the phrase "fail to fully pay and satisfy Pedro Cano," even when either the indictment or charge is read as a whole. *See also Murphy v. State,* 665 S.W.2d 116 (Tex.Cr. App.1983) (en banc).

Unless a defendant concedes at trial an intent to defraud his victim, the State must necessarily rely on circumstantial evidence to establish that element of the offense. We have found only one other reported case of a criminal prosecution under art. 5472e (repealed). In that case, *McElroy v. State*, 667 S.W.2d 856 (Tex.App.— Dallas, 1984, no pet.) (not yet reported), a sharply divided court found the evidence insufficient to show an intent to defraud.

Examination of the cases decided under the above statutes condemning criminal fraud reveals that the common thread running through the various schemes and plots is that the defendant participated in some form of deceit or deception. In this case, there was no evidence of any false statement made to or deception practiced upon Pedro Cano either before or at the time appellant issued the check. Neither was there any evidence to show whether there were sufficient funds to cover the check. The instrument itself was marked "payment stopped," and appellant readily admitted that his bank acted on his orders.

We hold that the fact that appellant stopped payment on the check is insufficient to establish his intent to defraud Pedro Cano. The withholding of payment because of a legitimate dispute over whether payment is, in fact, due does not equal fraud. For all of the above reasons, appellant's ground of error is sustained.

The judgment of the trial court is REVERSED, and an order of ACQUITTAL is entered.

NYE, C.J., dissents with opinion.

NYE, Chief Justice, dissenting.

I respectfully dissent to the majority's conclusion that the evidence is insufficient to sustain the conviction. After reviewing the evidence in the light most favorable to the jury's verdict, as we are required to do, I find that there is sufficient evidence in the record to support the jury's finding that appellant Raul O. Gonzales intended to defraud Pedro Cano.

Pedro Cano, the State's key witness, testified that he was to receive $1,300.00 for his labor in installing vinyl siding and preparing a porch foundation. Under his contractual agreement with Cano, appellant was to provide all the materials. The record shows that appellant did in fact provide some of the materials for the job but not all the materials as agreed.

Cano and his men worked for five days on the project and then ran out of materials on Friday, June 11, 1982. On that same date, appellant gave Cano a check for seven hundred dollars for his work and told Cano that "we were going to get the material." Cano waited three days for the additional materials promised by the appellant. Appellant never supplied the promised materials so that Cano would finish the job. As a result, Cano was only able to finish three-fourths of the job.

It is undisputed that, on the day Cano ran out of materials, appellant gave Cano a check for seven hundred dollars. Several days later, appellant stopped payment on the check. As a result, Cano received only the advance money for his work, about $30.00. In reviewing the evidence in the light most favorable to the state, I would find that the non-completion of the work was caused by appellant, who failed to provide the necessary materials and stopped payment on his check. The appellant's failure to furnish the additional necessary materials for completion, after telling Cano that the materials would be supplied, coupled with his action of stopping payment on a check which had already been tendered to Cano for his work, is sufficient evidence from which the jury could find an intent to defraud.

I agree with the verdict of the jury and would affirm the judgment of the trial court.