Bobby Joe SACKETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 84 088 CR.

Court of Appeals of Texas,
Beaumont.

Jan. 9, 1985.

Clay Dugas, Orange, for appellant.

David Bosserman, Asst. Co. Atty., Orange, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of negligent homicide. The court assessed punishment of one year in the county jail and a fine of $1,000.00. Appeal was perfected to this Court on one ground of error, viz:

"The trial court erred in failing to grant appellant [sic] request to quash the information and require the State to allege in what respect failure to drive on the right side of the roadway was negligent."

The information in this case charged that appellant:

"did then and there cause the death of an individual ... by criminal negligence, to wit: by then and there while driving and operating a motor vehicle on a public highway failed to maintain a proper lane of travel on said highway, to wit: failed to drive upon the right half of the roadway and thereby the said [appellant] caused the vehicle he was driving and operating to collide with a motor vehicle occupied by the said Dorothy Oneal Mercer...."

Appellant has furnished us with an able brief. Apparently there are no cases construing his challenge of the information under the statute of criminal negligent homicide as it now provides. Appellant cites us *Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App.1980); *Cruise v. State*, 587 S.W.2d 403 (Tex.Crim.App.1979); *Wells v. State*, 170 Tex.Crim. 428, 341 S.W.2d 912 (Tex.Crim.App.1961); TEX.CODE CRIM. PROC.ANN. art. 21.15 (Vernon Pamph. Supp.1984); and TEX.REV.CIV.STAT. ANN. art. 6701d, sec. 52 (Vernon 1977).

The last cited statute (*Art. 6701d, sec. 52*) provides four exceptions under which a vehicle need not be driven on the right half of the roadway. Briefly, these exceptions are as follows:

1. When passing a vehicle moving in the same direction;

2. When an obstruction exists;

3. When driving on a roadway with three marked lanes;

4. When proceeding down a one-way road.

TEX.CODE CRIM.PROC.ANN. art. 21.15 (Vernon Pamph.Supp.1984) provides:

"Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with

criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence."

Appellant argues that since exceptions exist where failing to drive upon the right half of the roadway is legal, then the act or acts relied on by the State are not alleged with *reasonable certainty.*

In *Wells v. State, supra,* cited by appellant, the indictment (for negligent homicide) alleged that the appellant,

"while engaged in the performance of an unlawful act 'to wit driving and operating a motor vehicle ... across a double stripe and highway marker', did by negligence and carelessness cause the death of the deceased by then and there colliding with a bicycle which the deceased was riding."

The Court concluded 341 S.W.2d at 913:

"The driving of an automobile across a double stripe and highway marker may or may not be an unlawful act. The legality of the act would be made to depend upon the facts and circumstances existing at the time. There is no statute in this State making such an act, per se, a penal offense."

However, the *Wells* court was operating under TEX. PENAL CODE art. 1239 (1925) (repealed 1973) as it provided in 1961:

"Negligent homicide of the second degree can only be committed when the person guilty thereof is in the act of committing or attempting the commission of an unlawful act."

The TEX. PENAL CODE ANN. sec. 19.-07(a) (Vernon 1974) now provides:

"A person commits an offense if he causes the death of an individual by criminal negligence."

TEX. PENAL CODE ANN. sec. 6.03(d) (Vernon 1974) states in pertinent part:

"A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur...."

*Thomas v. State, supra* at 161, relied upon by appellant, holds:

"The general rule is that a motion to quash will be allowed if the *facts* sought are *essential* to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied on by the State. *Smith v. State,* 502 S.W.2d 133 (Tex.Cr.App.1973); *Cameron v. State,* 401 S.W.2d 809 (Tex.Cr.App.1966)...."

*Thomas v. State, supra,* at 161, also cites *Phillips v. State,* 597 S.W.2d 929 (Tex.Crim.App.1980), where a defendant filed a motion to quash attacking the allegations charging " 'intent to violate and abuse * * sexually.' " The *Thomas* court, addressing *Phillips,* reasoned:

"Although sexual abuse encompasses different acts, it was wisely held that no error occurred because 'the information requested was *essentially evidentiary,* rather than being required for purposes of notice and plea in bar.' "

And, in *Cruise v. State, supra,* at 404, also relied upon by appellant, a defendant was convicted by a jury of the offense of robbery by causing bodily injury [TEX. PENAL CODE ANN. sec. 29.02(a)(1) (Vernon 1974)]. The indictment charged the defendant "did then and there knowingly and intentionally *cause bodily injury* to the ... complainant." Defendant filed a motion to quash for failure of the State to allege the manner in which the bodily injury was caused. The Court agreed that the defendant was entitled to this information, and reversed the conviction.

So, the question we must determine is whether the information sought by the appellant in the case at bar is essential for notice or is merely evidentiary. *See Barnhart v. State,* 648 S.W.2d 696, (Tex.Crim. App.1983).

The somewhat recent case of *Arredondo v. State*, 582 S.W.2d 457, 458 (Tex.Crim. App.1979), we believe, is important in our decision of the case at bar. There the indictment charged defendant:

" 'recklessly cause[d] the death of an individual, Robet Valdez, by grabbing the steering wheel of a motor vehicle and pulling said steering wheel to the right while the said [defendant] was a passenger in the right front seat of said motor vehicle, thereby recklessly causing said motor vehicle to veer to the right and strike the said Robert Valdez, thereby fatally injuring the said Robert Valdez, who was standing in the roadway ...' "

The *Arredondo* Court, in construing TEX. CODE CRIM.PROC.ANN. art. 21.15 (Vernon Pamph.Supp.1984), as we must do in this opinion, held, at 459:

"We hold that the indictment alleges with reasonable certainty the act relied upon to constitute recklessness...."

And, *see, Townsley v. State*, 538 S.W.2d 411 (Tex.Crim.App.1976), where the Court upheld an indictment alleging defendant

" 'did then and there recklessly cause the death of ... by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer and recklessly causing said vehicle to run off the roadway and roll over....'"

We have concluded that under the Penal Code, as it now exists, the information in the case at bar gives appellant sufficient notice and, thus, overrule his ground of error.

The judgment of the trial court is affirmed.