Allen v. State 






NO. 10-90-011-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          HAROLD THOMAS ALLEN,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From County Court
Johnson County, Texas
Trial Court # M89-02595

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Appellant of criminally negligent homicide and assessed his punishment
at a $2000 fine, which was probated, and one year in jail. See Tex. Penal Code Ann. § 19.07(a)
(Vernon 1989). He contends the court erred when it: (1) refused to quash the indictment; (2)
admitted prejudicial exhibits into evidence; and (3) denied two requested jury instructions. The
judgment will be affirmed.
          The State alleged that Appellant:
did then and there by criminal negligence, to-wit: did drive and did operate a motor vehicle
upon a public roadway . . . and did drive and operate said motor vehicle to the left of the
center of the said roadway, and did cause the death of [the decedent] by colliding said
motor vehicle with another motor vehicle occupied by [the decedent].

Appellant tried to quash the indictment, alleging that it failed to charge an offense in plain and
intelligible language or a culpable mental state. His third point is based on the denial of the
motion.
          A person commits an offense if he causes the death of an individual by criminal negligence. 
Id. A person is criminally negligent when:
with respect to circumstances surrounding his conduct or the result of his conduct . . . he
ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the
result will occur. The risk must be of such a nature and degree that the failure to perceive
it constitutes a gross deviation from the standard of care that an ordinary person would
exercise under all the circumstances as viewed from the actor's standpoint.

Id. at § 6.03(d) (Vernon 1974). 
          The acts alleged to constitute criminal negligence were described with reasonable enough
certainty to charge the offense in plain and intelligible language. See Sackett v. State, 688 S.W.2d
123, 125 (Tex. App.--Beaumont 1985, no pet.); Thompson v. State, 676 S.W.2d 173, 177 (Tex.
App.--Houston [14th Dist.] 1984, no pet.). Criminal negligence is the culpable mental state for
criminally negligent homicide. Dillon v. State, 574 S.W.2d 92, 93 (Tex. Crim. App. [Panel Op.]
1978). The indictment charged a culpable mental state because it alleged that Appellant acted with
criminal negligence. 
          Appellant argues that the "main thrust" of the State's proof related to his consumption of
alcohol, which was not alleged in the indictment. The evidence was sufficient to prove the
allegations in the indictment, i.e., that he caused the decedent's death by operating his vehicle to
the left of the center of the roadway with criminal negligence. Point three is overruled.
          The court admitted into evidence three autopsy photographs and an autopsy report over
Appellant's objections that the exhibits would "inflame" the jury and bolster the testimony of the
medical examiner. The photographs were a side view of the decedent's head showing the injuries
to the head and neck area. Appellant argues under point one that the photographs and autopsy
report were improperly admitted.
          When a verbal description of a body is admissible, a photograph depicting the same is
likewise admissible. Williams v. State, 773 S.W.2d 525, 539 (Tex. Crim. App. 1988). A
photograph which is relevant is not rendered inadmissible merely because it may tend to arouse
the passions of the jury. Lopez v. State, 630 S.W.2d 936, 939 (Tex. Crim. App. [Panel Op.]
1982). Relevant evidence may be excluded, however, if its probative value is substantially
outweighed by the danger of unfair prejudice. Tex. R. Crim. Evid. 403. Thus, a court does not
abuse its discretion when it admits a relevant photograph unless the probative value of the
photograph is very slight and its inflammatory nature is very great. See Williams, 773 S.W.2d
at 539. 
          Dr. Krouse, a medical examiner, testified extensively about the decedent's injuries and the
cause of death without any objection from Appellant. Proof of the decedent's death was relevant
because it was an element of the offense. See Tex. Penal Code Ann. § 19.07(a) (Vernon 1989). 
Although graphic in nature, the photographs did not show the effects of the autopsy, but merely
depicted the extent of the injuries to the neck and head area. Because a verbal description of the
injuries was admissible, and was admitted without objection, the photographs depicting the injuries
were likewise admissible. One cannot say that the court abused its discretion when it admitted
them into evidence. See TEX. R. CRIM. EVID. 403; Williams, 773 S.W.2d at 539. 
          The autopsy report merely substantiated Krouse's testimony, which was admitted without
objection. Assuming that the report was improperly admitted, no reversible error occurred
because the facts in the report were proved by Krouse's testimony. See Brasfield v. State, 600
S.W.2d 288, 296 (Tex. Crim. App. 1980). Accordingly, point one is overruled.
          Appellant requested these instructions:
1. You are further instructed that no act done by accident is an offense. If you find and
believe from the evidence that the death of [the decedent] was the result of an accident, or
you have a reasonable doubt thereof, then you will find [Appellant] not guilty.
2. Conduct does not constitute an offense unless it is defined as an offense by statute,
municipal ordinance, order of a county commissioners court, or rule authorized by and
lawfully adopted under a statute.
3. A person commits an offense only if he voluntarily engages in conduct, including an
act, an omission, or possession, in violation of a statute that provides that conduct is an
offense.
The court submitted the third instruction, but denied the first two. Appellant complains in point
two that, by refusing his second instruction, the court left the jury with inadequate instructions on
what conduct constitutes an offense. Point four is that, by failing to submit the first instruction,
the court refused to submit the defensive issue of accident.
          The court gave this instruction to the jury: "A person commits an offense only if he
voluntarily engages in conduct, including an act, an omission, or possession, in violation of a
statute that provides that conduct is an offense." This informed the jury that conduct constitutes
an offense only if it is voluntarily engaged in and violates a statute that makes the conduct an
offense, which was the essence of Appellant's second and third instructions. Under the
circumstances, Appellant was not harmed because the instruction given was substantially similar
to the second and third instructions which were refused. See DeBolt v. State, 604 S.W.2d 164,
168 (Tex. Crim. App. [Panel Op.] 1980). Point two is overruled.
          Appellant argues that the defense of accident should have been submitted to the jury by his
first instruction because the collision was unintentional. See Stiles v. State, 520 S.W.2d 894, 896
(Tex. Crim. App. 1975). The distinction between intentional and unintentional conduct is no
longer valid. Dockery v. State, 542 S.W.2d 644, 649 (Tex. Crim. App. 1975). Homicide is
punishable only when the state proves voluntary conduct and a culpable mental state. Id. Thus,
the court did not err when it refused Appellant's requested instruction on the former defense of
accident. Point four is overruled.
          All points have been overruled. The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Chief Justice McDonald (Retired),
          and Justice James (Retired)
Affirmed
Opinion filed and delivered January 31, 1991
Do not publish



he court, in
its dismissal order, indicated that the case was being dismissed for failure to comply with the
Supreme Court guidelines pursuant to Rule 165a(2), the requirements of Rule 165(a)(1) cannot be
said to apply. Even assuming, arguendo, the requirements of Rule 165a(1) apply in the instant
case, we fail to comprehend how G.B.'s can argue that the January 22 letter from the trial court
did not apprise it that the cause referenced in the letter would be dismissed. The letter informed
G.B.'s that the cause would be placed on the court's dismissal docket and that action on the case
would be taken at 9:00 a.m. on March 1. Consequently, we find no merit in G.B.'s argument that
the letter failed to state the date, time, and place of the dismissal hearing.
      G.B.'s also argues that it was not notified that a docket call of the court's dismissal docket
occurred on March 1, 1996, at 9:00 a.m. Citing this court's opinion in Davis v. Laredo Diesel,
Inc., G.B.'s maintains that, if the trial court dismissed G.B.'s counterclaim because G.B's failed
to appear at the docket call, the court erred. 611 S.W.2d 943, 946-47 (Tex. Civ. App.—Waco
1981, writ ref'd n.r.e.). We find no merit in this argument in that the court's dismissal order
clearly stated that the case was being dismissed for failure to comply with the Supreme Court
guidelines, not for G.B's failure to attend the March 1 docket call. Therefore, G.B's has failed
to meet its burden on appeal. See Tex. R. App. P. 50(d) (the appellant must supply the appellate
court with a sufficient record showing error requiring reversal). 
      Having concluded the notice sent to G.B.'s does not violate Rule 165a, we now address
whether the notice complied with due process of law. Due process requires proper notification
of a court's intention to dismiss a cause of action for want of prosecution. Donnell v. Spring
Sports, Inc., 920 S.W.2d 378, 386 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (citing
Hubert v. Illinois State Assistance Comm'n, 867 S.W.2d 160, 163 (Tex. App.—Houston [14th
Dist.] 1993, no writ) and Tramco Enter. v. Independent Am. Sav. Ass'n., 739 S.W.2d 944, 948
(Tex. App.—Fort Worth 1987, no writ)). In the present case, G.B.'s concedes that it received the
letter from the trial court notifying it that the case was going to be placed on the dismissal docket. 
The record supports such admission. Furthermore, the record also shows that G.B.'s filed several
documents with the court on the eve of dismissal. We conclude that, because G.B.'s had actual
notice of the court's intent to place the case on the dismissal docket, the court did not abuse its
discretion in dismissing G.B.'s counterclaim against Barnes. See State v. Rotello, 671 S.W.2d
507, 509 (Tex. 1984) (standard of review of a court's order dismissing a case for want of
prosecution is whether the court abused its discretion); Lowe v. U.S. Shoe Corp., 849 S.W.2d
888, 891 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (actual notice of a court's intent
to dismiss a case for want of prosection satisfies the requirements of due process). G.B.'s second
point is overruled.

DID THE TRIAL COURT ERR IN DISMISSING THE COUNTERCLAIM 
WHEN A REQUEST FOR A TRIAL SETTING WAS ON FILE WITH THE COURT?
      In its third point of error, G.B.'s complains the trial court violated its own local rule by
dismissing G.B.'s counterclaim against Barnes when G.B.'s had filed a trial request with the court. 
G.B.'s argues the trial court abused its discretion in dismissing G.B.'s counterclaim because the
court's local rules mandated that "[a]ll cases will be set for trial when requested and in the order
requested" and because G.B.'s had filed a trial setting request with the court. 
      The decision to dismiss a case for want of prosecution rests with the sound discretion of the
trial court, and we, as an appellate court, will not disturb the court's decision absent an abuse of
discretion. Rotello, 671 S.W.2d at 509. In determining whether a case should be dismissed for
want of prosecution, the trial court is at liberty to consider the entire history of the case. Id. The
fact that a party has made a request for a trial setting will not save a case from dismissal for want
of prosecution; such is merely a factor for the trial court to consider in deciding to dismiss a case
for want of prosecution. See Moore v. Armour & Co., Inc., 748 S.W.2d 327, 330-31 (Tex.
App.—Amarillo 1988, no writ).
      At the time the trial court dismissed the case on March 11, 1996, no activity had occurred in
the case since May 1994, and the only activity up to that point had been intermittent discovery. 
Consequently, we cannot say, based on the languid history of this six-year-old case, that the trial
court abused its discretion in dismissing it for want of prosecution notwithstanding the fact that
G.B.'s had notified the trial court that it was willing to proceed to trial in the near future. G.B's
third point is overruled.

DID THE TRIAL COURT ERR IN FAILING TO HOLD 
A HEARING ON APPELLANT'S MOTION TO REINSTATE?
      Having determined the trial court did not err in dismissing G.B.'s counterclaim against Barnes
because of improper notification of the court's intent to dismiss the case or because G.B.'s had
filed a request for a trial setting with the court, we now address G.B.'s point as to whether the trial
court erred in failing to hold a hearing on G.B.'s motion to reinstate its counterclaim against
Barnes.


 In its first point of error, G.B.'s argues the trial court abused its discretion in failing to
hold a hearing on G.B's motion because the language in Rule 165a(3) is mandatory. See Tex. R.
Civ. P. 165a(3). We agree.
      Rule 165a(3) provides that when a motion to reinstate a case dismissed for want of prosecution
is filed with the trial court the judge "shall set a hearing on the motion as soon as practicable." 
Id. The language of Rule 165a(3) does not allow the trial court discretion in whether to set a
hearing on motions for reinstatement, but requires the trial court to set a hearing on all timely filed
motions to reinstate. Thordson v. City of Houston, 815 S.W.2d 550 (Tex. 1991); Gulf Coast Inv.
Corp. v. NASA 1 Business Ctr., 754 S.W.2d 152, 153 (Tex. 1988). 
      Here, the trial court dismissed G.B.'s counterclaim on March 11, 1996. According to Rule
165a(3), G.B.'s then had 30 days to file a motion for reinstatement. Tex. R. Civ. P. 165a(3). 
G.B.'s filed its verified motion for reinstatement, along with a request for an oral hearing, on
April 10, 1996, which was within the prescribed 30-day time limit. Without holding an oral
hearing on G.B.'s motion, the trial court denied it. The trial court did not have the discretion to
deny the motion without a hearing, and, therefore, erred in doing so. See Thordson, 815 S.W.2d
at 550. 
      G.B.'s first point of error is sustained, and this cause is remanded to the trial court with
instructions to hold an oral hearing on G.B.'s motion to reinstate. 
 
       
                                                                   BOBBY L. CUMMINGS
                                                                   Justice


Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed in part and reversed and remanded in part
Opinion delivered and filed June 18, 1997
Do not publish