# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

**NO. 03-04-00352-CV**

**In the Matter of E. P.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-23,948, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

## O P I N I O N

In December 2003, a Wal-Mart loss prevention officer named Roberto Galaviz saw E.P., who was fourteen years old, remove the price tags from merchandise worth a total of $21.94 and place the items in her pockets. When Galaviz stopped E.P. after she left the store, E.P. took the items from her pockets and handed them to Galaviz. E.P. was charged with intentionally and knowingly removing a writing with intent to defraud the property's owner. *See* Tex. Pen. Code Ann. § 32.47 (West 2003). E.P. admitted that she took the price tags off the items and put the items in her pockets, intending to steal them, and that she removed the tags so the alarm would not sound as she left the store. At trial, E.P. argued that she should have been charged with class C misdemeanor theft, *see id*. § 31.03(e)(1) (West Supp. 2005), rather than under section 32.47, which is a class A misdemeanor. *See id*. § 32.47(c). The trial court overruled E.P.'s complaint and found the charged offense to be true beyond a reasonable doubt, placing E.P. on six months' probation in her mother's custody. E.P. appeals, arguing the evidence is legally and factually insufficient to support the

adjudication of delinquency because there was insufficient evidence that she acted with fraudulent intent. We affirm the trial court's judgment.

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing the factual sufficiency, we view all of the evidence in a neutral light, comparing evidence in support of a disputed fact with evidence tending to disprove that fact. *Id*. We will set aside a verdict for factual insufficiency only if the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the verdict. *Id.* at 11.

A person commits an offense under section 32.47 if, with an intent to defraud or harm another person, she "destroys, removes, conceals, alters, substitutes, or otherwise impairs the verity, legibility, or availability of a writing." Tex. Pen. Code Ann. § 32.47(a). A writing is defined to include "universal product codes, labels, price tags, or markings on goods." *Id*. § 32.47(b)(4). The penal code does not define "defraud." In such a case, we give that word its "plain meaning unless the statute clearly shows that [it was] used in some other sense," *Coggin v. State*, 123 S.W.3d 82, 88 (Tex. App.—Austin 2003, pet. ref'd), and look to the dictionary or other such sources to determine the word's definition. *See Oler v. State*, 998 S.W.2d 363, 368 (Tex. App.—Dallas 1999, pet. ref'd, untimely filed) (noting that fraud and deception are not statutorily defined and referring to dictionary definition for ordinary usage of terms). Fraud is defined as "trickery or deceit," "intentional misrepresentation, concealment, or nondisclosure for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him," or "a false representation of

a matter of fact by words or conduct . . . or by the concealment of what should have been disclosed that deceives or is intended to deceive another so he shall act upon it to his legal injury." Webster's Third New International Dictionary 904 (1986). A person defrauds another if she takes or withholds from another "some possession . . . by calculated misstatement or perversion of truth, trickery, or other deception." *Id*. at 593; *see also Margraves v. State*, 34 S.W.3d 912, 923 (Tex. Crim. App. 2000) (Johnson, J., concurring) (because penal code does not define "defraud," courts are to use common meaning; "[a]n entry in a thesaurus gives the synonyms of dupe, swindle, cheat, or deceive," and defraud "appears to be a specific way of causing 'harm'"); *Gonzales v. State*, 670 S.W.2d 413, 415 (Tex. App.—Corpus Christi 1984, no pet.) (in cases involving criminal fraud, "the common thread running through the various schemes and plots is that the defendant participated in some form of deceit or deception").

E.P. argues that because most of the cases prosecuted under section 32.47 involve the substitution of price tags or price codes in an attempt to buy a product for an incorrect, lower price,[1] this shows that section 32.47 is not intended to apply to her actions and that she instead should have been charged with Class C misdemeanor theft.[2] We disagree.

---

[1] *See Commons v. State*, 575 S.W.2d 518, 519 (Tex. Crim. App. 1978), *overruled on other grounds by Johnson v. State*, 606 S.W.2d 894, 896 (Tex. Crim. App. 1980) (defendant convicted of fraudulently substituting price tags after substituting $.99 tag for $1.79 tag); *Canto-Deport v. State*, 751 S.W.2d 698, 699 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (defendant convicted of fraudulent removal of writing after she removed $39 price tag and substituted $16 price tag).

[2] At least two defendants have made the inverse argument, asserting that they should have been charged under section 32.47 rather than with theft; in both cases, the defendants placed lower-priced tags on merchandise. *See Dodson v. State*, No. 04-96-00427-CR, 1997 Tex. App. LEXIS 1450, at *4-*6 (Tex. App.—San Antonio Mar. 26, 1997, no pet.) (not designated for publication) (defendant who substituted price tags on computer argued that he should have been charged under section 32.47 rather than with felony theft; court held that evidence supported conviction for theft);

3

Although most cases brought under section 32.47 involve the kind of scenario described by E.P., this does not mean that section 32.47 cannot apply to E.P.'s actions as well. E.P. states that she never "represent[ed]—either overtly or by implication—the items were hers." To the contrary, by her actions, E.P. asserted that she did not have to pay for items concealed in her pockets and that those items were her property. E.P. attempts to distinguish other section 32.47 cases, arguing that in those cases the defendants used deception to acquire the items in question. However, she does not explain how switching price tags is deceptive while removing tags and concealing items is not. We see very little distinction between placing an untagged necklace in one's pocket and putting an untagged necklace on one's neck,[3] in both cases attempting to leave a store without paying for the item, setting off an alarm, or drawing the store employees' attention. Nor do we see a meaningful difference between switching price tags in an attempt to pay a lower price for an item and removing tags and concealing items in an attempt to leave without paying at all.

E.P. also notes that, when challenged by Galaviz, she did not attempt to assert that the items belonged to her and points to civil cases involving the tort of fraud. She relies on the civil definition of fraud and argues that she did not make an inducement or false representation and cannot be found to have had a fraudulent intent. Again, we disagree.

---

*see also Martin v. State*, No. 10-03-00071-CR, 2004 Tex. App. LEXIS 9095, at *2 (Tex. App.—Waco Oct. 13, 2004, pet. ref'd) (not designated for publication) (defendant waived complaint that he should have been charged under section 32.47 by failing to object at trial).

[3] On cross-examination, E.P.'s counsel asked Galaviz, "She was not attempting to wear them [the untagged items] out of the store; isn't that right," and in closing arguments, he said, "She did not try to hold out that it [the merchandise] was hers. Had she put it on her arm and tried to wear it out, in that case there would be fraud, because what she would be holding out to Mr. Galaviz is that this is her property because she had it on her arm. There's not a price tag on it."

4

Fraud as used in the penal code does not rely on the specialized civil tort definition of fraud,[4] nor does the State have to show an oral misrepresentation of ownership to prove a fraudulent intent. Instead, a defendant's actions—whether switching price tags or removing tags and concealing an item—may show an intent to defraud or harm the owner of the property. Put another way, E.P.'s "inducement" or deceptive conduct can be characterized as removing the tags and hiding the items in her pocket, just as in another case the inducement or deceit might be substituting a lower-priced tag. *See Mills v. State*, 722 S.W.2d 411, 415 (Tex. Crim. App. 1986) (discussing whether section 31.03 (consolidated theft statute) and section 32.46 ("securing execution of document by deception") are in pari materia and stating that: section 31.03 created new offense encompassing all types of acquisitive conduct that were earlier proscribed in separate statutes, that "[t]he gravaman of the offense remains the penalization of unlawful *acquisitive conduct*," and that "deception is not of itself 'forbidden conduct'" under section 31.03; whereas under section 32.46, "the 'forbidden conduct' *is* deception" and deceptive conduct "must be perpetrated with the specific 'intent to defraud or harm any person'"); *Dodson v. State*, No. 04-96-00427-CR, 1997 Tex. App. LEXIS 1450, at *4-*6 (Tex. App.—San Antonio Mar. 26, 1997, no pet.) (not designated for publication) (defendant who replaced tags with lower-priced tags and was convicted of felony theft complained on appeal that he should have been charged under section 32.47 instead; court observed that legislature's intent with theft statute was to "create a generalized standard against which the unlawfulness of all acquisitive conduct

---

[4] In the civil context, fraud requires a false representation of material fact intentionally or recklessly made by a defendant, intended to be and actually relied upon by a plaintiff to the plaintiff's detriment. *See Formosa Plastics Corp. USA v. Presidio Engrs. & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).

can be measured," whereas in section 32.47, legislature proscribed "conduct that is deceptive rather than acquisitive"; because two statutes prohibit different kinds of conduct and have different elements of proof, State may charge defendant with theft and need not limit charges to misdemeanor offense under section 32.47).

The evidence shows that E.P. took the price tags off of several items, threw the tags away, concealed the items in her pocket, and left the store without paying for the merchandise. By "the concealment of what should have been disclosed," E.P. attempted to deceive the Wal-Mart employees into believing she did not have any merchandise for which she had not paid. *See* Webster's Third New International Dictionary 904. In other words, E.P. attempted to take the items from Wal-Mart by "trickery[] or other deception." *See id*. at 593. The evidence is therefore legally and factually sufficient to support the trial court's determination that E.P. removed the tags with a fraudulent intent and thus is sufficient to support the court's adjudication of delinquency. We overrule E.P.'s issues and affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   February 2, 2006

6